AUSTIN v. CITY OF DUNKIRK.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1910.)

MUNICIPAL CORPORATIONS (§ 733*)—SLIPPERY SIDEWALKS—CONSTRUCTION OF —JUDICIAL ACT—LIABILITY.

Defendant city caused to be constructed a sidewalk in one of its principal streets with a surface as smooth as glass. Plaintiff was passing over this walk in the morning. There had been a slight fall of snow during the night. *Held*, in an action for personal injuries from

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

falling on the sidewalk, that the construction of such sidewalk was a judicial act on the part of defendant for which it was not liable, and the submission of its liability to the jury was error.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1547–1549; Dec. Dig. § 733.*]

Kruse and Robson, JJ., dissenting.

Appeal from Chautauqua County Court.

Action by Alfred J. Austin against the City of Dunkirk. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Thomas P. Heffernan, for appellant.

Nelson J. Palmer, for respondent.

McLENNAN, P. J. As appears by the uncontradicted evidence in this case, the defendant caused or authorized to be constructed a sidewalk in one of the principal streets of the defendant city which was slippery and the surface of which was as smooth as glass. Such sidewalk was built under the direction of the defendant's street commissioner about two years prior to the accident, and there is no question but that the sidewalk, as constructed by the defendant or under its direction, was slippery in the extreme. The plaintiff was passing over this walk in the darkness of an early January morning on his way to work. There had been a light fall of snow during the night preceding, and the walk was covered with it.

The court charged the jury that, if the accident resulted from such covering of snow, no recovery could be had; so that the only question presented by this appeal is as to whether or not the defendant is liable because it caused to be constructed, or authorized the construction of, a sidewalk on one of its principal streets so smooth upon the surface as to render it dangerous to pedestrians passing over the same.

It seems to me clear that the construction or authorization of the construction of such sidewalk was a judicial act on the part of the defendant, and for which it is not liable. Practically the same question was decided by this court in the case of Ellison v. City of Auburn, 117 App. Div. 918, 102 N. Y. Supp. 1135, and it was held that for such condition the defendant was not liable.

It seems to me that the submission of defendant's liability to the jury under the facts in this case was error, and that a nonsuit should have been granted.

It follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WILLIAMS, J., concurs. SPRING, J., concurs in result. KRUSE and ROBSON, JJ., dissent in an opinion by ROBSON, J.

ROBSON, J. Plaintiff was injured by falling on a sidewalk in the defendant city. This walk was part of the crosswalk of a public street extending from the street sidewalk proper to the curb at the side of the carriageway, and was about 15½ feet in length by about 5 feet in width. It was built about two years before the accident, under the supervision of defendant's street commissioner, by a private contractor, on lines, levels, and grades supplied by the city engineer, and defendant ordered and paid for its construction. It is a cement walk, and the materials and manner of construction are similar to those used in the city for like purposes at, and prior to, the time it was built. As constructed, the surface was very smooth ("like glass," "glassy," "glazed," "shiny," as the witnesses describe it); and whenever it was wet, or the surface covered with snow, or even in frosty weather, it became very slippery and treacherous. At such times people slipped and fell on it, and many people slipped without falling. Snow did not stick to it, but made it smooth and slippery. The walk was so smooth that when wet, or frosty, or with a little snow on it, children used it as a sliding place. Plaintiff was passing over this walk in the darkness of an early January morning on his way to work. There had been a light fall of snow during the night preceding, and the walk was covered with it. Describing the accident, he says:

"My feet went out from under me, and I came down, and I noticed there was some snow there, and I noticed there was a walk there, and the snow where I struck went off with it as I went down. * * * The snow on the walk appeared to be loose and frosty and slippery. The snow did not stick to the walk. * * * There was an inch and a half of snow that fell the night before and laid on the walk, and when I was walking across on that, as near as I could tell, the snow slipped out from under my feet and I went down. The walk was white when I approached it, and when I get up I observed the snow was off from the spot where I was picked up from."

He had previously described this spot as appearing after his fall like a pane of glass. There was no other eyewitness of plaintiff's fall.

The answer to the question, what was the proximate cause of the accident? would seem to turn on a determination whether he slipped on the snow itself, or whether the snow slipped under and with his feet on the glassy, slippery surface of the walk. The jury were instructed in effect that, if he slipped on the snow, defendant was not chargeable. The finding of the jury that plaintiff slipped on the walk itself is well warranted by the evidence. Whether plaintiff was himself then in the exercise of due care was a fair question of fact, which the jury have properly answered in plaintiff's favor.

The more difficult question in the case is whether defendant can in any way be held liable, even though the walk was dangerous, and plaintiff's injury was due solely to that cause. Under the instructions of the court, the jury were permitted to find that defendant was negligent only in the event it should appear that the walk in and of itself, excluding all consideration of its lines and grade, was so con-

structed as to be inherently dangerous. This, of course, permitted them to decide only whether the condition of the surface of the walk, excluding all other structural features, was, as constructed, inherently dangerous for the use of pedestrians under climatic conditions similar to those obtaining when plaintiff fell. Even municipal authorities should anticipate that citizens will have occasion to use sidewalks in wet, frosty, and snowy weather, as well as when the weather is dry. When this latter weather condition obtained seems to have been the only time the walk was even reasonably safe. It is urged, however, that the material for and method of construction of the walk were duly adopted, or approved, by the municipality; and that being, as is claimed, a quasi judicial, or discretionary, exercise of its powers and duties, an erroneous decision as to the public needs, even though it results in injury to the individual, creates no liability to respond in damages. It is settled that a municipality is not responsible for injury occurring solely by reason of a defective plan upon which it has built a sidewalk; the walk as made being unsafe as a necessary result of the plan of its construction. But, while the adoption of a plan of construction is an exercise of the quasi judicial power delegated to the municipal authorities, for the results of which the municipality is not liable, the way in which the work is performed is, as has been held, ministerial, or administrative, in its character, and the municipality may be liable, if it is not safely and skillfully done. Rochester White Lead Co. v. City of Rochester, 3 N. Y. 463, 53 Am. Dec. 316.

Does the defect in this walk of which plaintiff complains inhere in the plan itself? If so, defendant is not liable. Is it, on the other hand, due to faulty construction of the walk as planned? If so, and plaintiff's injury was caused by the defect, then the verdict was right, and the judgment should be affirmed. As was said in Collett v. Mayor, etc., of City of New York, 51 App. Div. 394, 397, 64 N. Y. Supp. 693, 696:

"Before a corporation can claim exemption from liability for a defect in a highway because of a fault in the plan, it must be made to appear not only that the work was done precisely in accordance with the plan, and that the injury resulted because of it, but that the plan was adopted by the corporation."

It may be conceded that the plan adopted by defendant for the construction of this walk contemplated that it should be built with the material used, and on the lines and grade followed in its construction. But it does not follow that the surface finish was a part of the plan. It would seem rather that the construction of any walk in such a way as to leave considerable parts of its surface smooth as glass, becoming treacherously slippery under weather conditions necessarily to be encountered, is rather the result of unskillfullness in making the walk than of a radical defect in its plan. It is matter of common knowledge that cement walks do not, when properly made, have a surface so dangerous for pedestrians. It also appears from the testimony of one witness at least that this slippery surface did not extend the whole width of the walk, but that there was a narrow strip a few inches wide on both sides of the walk which did not have it. This fact would

seem to indicate that the slippery surface of the middle of the walk was not due either to the plan of the walk, or to the materials used, but to the manner in which the work was done; in other words, to a defective construction.

The jury properly found that this fact was established; and defendant should not escape responsibility for the existence of this defect by urging the quasi judicial plea.

KRUSE, J., concurs.